UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                    Plaintiff,                    No. CR-02-110-FVS

          v.                                      ORDER

DONALD HOLLOWAY,

                    Defendant.

          **THIS MATTER** came before the Court pursuant to the defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, Ct. Rec. 24; motion for appointment of counsel, Ct. Rec. 25; and motion to amend his § 2255 motion, Ct. Rec. 26.  The Court has reviewed the entire case file and is prepared to rule.

          **BACKGROUND**

          On September 18, 2002, the defendant pleaded guilty to the crime of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1).  Pursuant to the plea agreement, the defendant stipulated to being a Career Offender pursuant to U.S.S.G. § 4B1.1. Based on that stipulation, the government and the defendant also stipulated that the defendant's base offense level was 24.  At the time of sentencing, the Court granted the defendant a 3-level reduction for acceptance of responsibility and timely entrance of a guilty plea.  The Court determined that the defendant's guideline range was 77-96 months.  The defendant stipulated in the plea

ORDER - 1

agreement to a sentence at the high end of the applicable guideline range and to a lifetime term of supervised release. On September 20, 2002, the Court sentenced the defendant to 96 months incarceration and a lifetime term of supervised release. The defendant did not appeal his sentence. He now moves to vacate his sentence pursuant to 28 U.S.C. § 2255.

**DISCUSSION**

The defendant asserts two claims in his § 2255 petition: 1) ineffective assistance of counsel, and 2) a violation of his Fifth and Sixth Amendment rights in light of the Supreme Court's decisions in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000). The defendant also moves to amend his petition to allow him to challenge the legality of his lifetime term of supervision.

**A. *Leave to Amend***

A section 2255 motion filed by a federal prisoner is not a proceeding in the original criminal prosecution, but is instead an independent civil suit. *Heflin v. United States*, 358 U.S. 415, 418 n.7, 79 S.Ct. 451, 453 n.7, 3 L.Ed.2d 407 (1951). As such, it is governed by the rules governing civil proceedings. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend pleadings by a district court "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *see also* Fed.R.Civ.P. 7(b)(2) (making the rules applicable to the form of pleadings also applicable to motions). Thus, the grant or denial of an opportunity to amend a section 2255 motion is within the discretion of the Court. Moreover,

ORDER - 2

principles governing *pro se* matters oblige the Court to relax procedural rules in favor of the pro se petitioner. *See Hainers v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (pro se complaints held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the Court grants the defendant leave to amend his § 2255 motion to include his third claim for relief as set forth in his motion to amend, Ct. Rec. 26. The Court's review of the defendant's § 2255 motion shall include the defendant's claim challenging the legality of his lifetime term of supervised release.

### B.  Grounds for Relief

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set aside, or correct his or her sentence on the grounds that (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence; or (3) the sentence was in excess of the maximum authorized by law. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney...." 28 U.S.C. § 2255. However, the Court may *sua sponte* dismiss the motion if "it plainly appears from the face of the motion ... that the movant is not entitled to relief in the district court." Rule 4(b), Rules Governing Section 2255 Proceedings For the United States District Courts.

### 1.  *Blakely v. Washington*

Pursuant to *Blakely v. Washington*, 124 S.Ct. 2531 (2004), the

ORDER - 3

defendant contends that his sentence violates his constitutional rights under the Fifth and Sixth Amendments.  The defendant asserts that *Blakely* requires that "any fact which enhances a defendant's sentence beyond a maximum (as d[e]fined by Blakely) ... must be charged in the indictment, submitted to a jury and proven beyond a reasonable doubt."  The defendant's argument is based on two misconceptions.  First, the defendant appears to misunderstand part of the Supreme Court's ruling in *Blakely.*  The statutory maximum "is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or **admitted by the defendant,**" without finding any additional facts.  *Blakely*, 124 S.Ct. at 2537 (emphasis added).  Second, the defendant appears to misunderstand the basis upon which the Court imposed the defendant's sentence.  The defendant assumes his base offense level was increased based on the facts he admitted in the statement of facts section of the plea agreement.  However, the defendant's base offense level was increased because he stipulated to being a Career Offender pursuant to U.S.S.G. § 4B1.1.  The Court could not have sentenced the defendant as a Career Offender unless he had at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a).  The defendant stipulated, and the Court found after careful review, that the defendant qualified as a Career Offender based on his prior convictions for second-degree child molestation, third-degree child molestation, and manufacturing marijuana.  The defendant was sentenced solely on his own admissions; the Court did not make any findings other than those to which the

ORDER - 4

defendant stipulated in the plea agreement.  Therefore, *Blakely* is in applicable.

The defendant might be trying to argue he was entitled to have a jury determine whether he qualified as a Career Offender, and that the Court violated *Blakely* by sentencing him as a Career Offender based upon prior convictions whose character had not been determined, beyond a reasonable doubt by a jury.  However, this contention is foreclosed by *Cook v. United States*, 386 F.3d 949 (9th Cir. 2004) (noting that *Blakely* is not retroactive to cases on collateral appeal).

Even if *Blakely* did apply retroactively, the defendant would face an additional obstacle.  As the Ninth Circuit observed recently, *Blakely* "explicitly preserve[s] its prior holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), and *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.ct. 1219 (1998), that a sentencing enhancement based on a defendant's prior conviction does not have to be presented to a jury[.]" *United States v. Quintana-Quintana*, 383 F.3d 1052, 1053 (9th Cir. 2004).  Therefore, even if *Blakely* was retroactive, it would not support the defendant's contention that the Court violated his constitutional rights by sentencing him as a Career Offender.

2. <u>Supervised Release</u>

The defendant also argues that his lifetime term of supervised release is illegal because he does not qualify under 18 U.S.C. 2332(b)(g)(5)(B).  However, this is not the statute under which the Court sentenced the defendant to a lifetime term of supervised

release.  Pursuant to 21 U.S.C. § 841(b), the Court properly exercised its authority to sentence the defendant to a lifetime term of supervised release.  Moreover, the defendant stipulated in his plea agreement to a term of supervised release for life.

### 3.   Ineffective Assistance of Counsel

Additionally, the defendant claims his counsel was ineffective for allowing the defendant to enter a plea agreement in which he admitted facts supporting the court's sentencing enhancement.  The defendant acknowledges that his counsel did not know at the time of the defendant's sentencing hearing that, pursuant to *Blakely*, the defendant had a right to have a jury determine all sentencing factors.  The test for ineffective appellate-assistance claims is set forth in *Smith v. Robbins*, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).  The defendant must first demonstrate he suffered prejudice.  *Smith*, 528 U.S. at 288-89, 120 S.Ct. at 766.  Since *Blakely* does not support the defendant's claims for relief, even if it did apply retroactively, the defendant has not demonstrated that he suffered any prejudice.  Therefore, the Court determines that the defendant's claim for ineffective assistance of counsel is without merit and shall be dismissed.

### C.  *Appointment of Counsel*

A petitioner has no constitutional right to counsel in federal habeas corpus proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993-94, 95 L.Ed.2d 539 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993); *Moran v. McDaniel*, 80 F.3d 1261, 1271 (9th Cir. 1996).  Nonetheless, the Court may appoint counsel for a

person seeking post-conviction relief when the "interests of justice so require".  18 U.S.C. § 3006A(a)(2)(b).  To satisfy this standard, the defendant must demonstrate "the case is so complex that due process violations will occur absent the presence of counsel." *Bonin*, 999 F.2d at 428-29 (interpreting identical language in earlier version of § 3006A).

The appointment of counsel for a person seeking post-conviction relief is discretionary unless the Court conducts an evidentiary hearing on the petition.  *See* Rules-Section 2255 Proceedings 8(c)("If an evidentiary hearing is required, the judge shall appoint counsel for [an indigent] movant...."); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995) (if petitioner remains indigent at time of hearing, failure to appoint counsel for evidentiary hearing is clear error).  A district court must grant an evidentiary hearing for a section 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  *U.S. v. Chacon-Palomares*, 208 F.3d 1157, 1159 (9th Cir. 2000) (quoting 28 U.S.C. § 2255) (internal quotation marks omitted).  "Evidentiary hearings are particularly appropriate when 'claims raise facts which occurred out of the courtroom and off the record.'" *Id.* (citations omitted).  Thus, no evidentiary hearing is required where the petitioner's allegations are not based on facts outside of the record before the court.  *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990).

Additionally, because a habeas petition is civil, a district court may exercise its discretion and appoint counsel for an indigent

petitioner pursuant to 28 U.S.C. § 1915(e)(1).  *See United States v. $292,888.04 in United States Currency*, 54 F.3d 564, 569 (9th Cir. 1995) (former statute § 1915(d)).  Section 1915(e)(1) is essentially the same as former 18 U.S.C. § 1915(d).  Thus, the same standard should apply.

Under former § 1915(d), counsel could be appointed only in "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

In the present case, the Court determines that it is unnecessary to appoint counsel for the defendant.  First, the interests of justice do not require the appointment of counsel because the defendant's case is not legally or factually complex.  Second, the defendant has not presented any exceptional circumstances warranting appointment of counsel under 28 U.S.C. § 1915.  He "demonstrated sufficient writing ability and legal knowledge to articulate his claim."  *Terrell*, 935 F.2d at 1017.  Third, the defendant has not established the need for an evidentiary hearing.  The motions and records before the Court establish conclusively that the defendant is entitled to no relief.

**CONCLUSION**

The Court determines that the defendant's § 2255 motion, as amended, should be denied.  For the reasons specified above, the

defendant is not entitled to the relief he requests in his original or his amended § 2255 motion.  Furthermore, the Court determines that the defendant's motion for appointment of counsel should be denied. The defendant has not shown that an evidentiary hearing is necessary, nor has he shown it is appropriate to appoint counsel under either of the discretionary statutes discussed above.  Accordingly,

**IT IS HEREBY ORDERED:**

1.  The defendant's Motion to Amend, **Ct. Rec. 26,** is **GRANTED.**

2.  The defendant's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255, **Ct. Rec. 24,** is **DENIED.**

3.  The defendant's Motion to Appoint Counsel, **Ct. Rec. 25,** is **DENIED.**

4.  The defendant's Motion to Compel, **Ct. Rec. 28,** is **GRANTED.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this Order and furnish a copy to the **defendant.**

**DATED** this ___19th___ day of April, 2005.

＿＿s/ Fred Van Sickle＿＿＿
Fred Van Sickle
Chief United States District Judge

ORDER - 9